Laura E. Waterman  
vs.          }Law No. 1383.  
Sumner Mowry, Adm'r.

March 13, 1931.

POULIOT, J. This cause is before the Court on defendant's motion for a new trial after the jury had returned a verdict for. the plaintiff in the sum of $15,654.85.

The action is one brought by the plaintiff against the estate of Charles J. Greene, deceased, late of the Town of Richmond, for services rendered by the plaintiff to the deceased in his lifetime. The issue is: were the services rendered under an implied contract to pay what they reasonably were worth, as the plaintiff contends, or were they rendered under a specific agreement to pay a designated sum, as the defendant contends.

The plaintiff is a registered nurse whose qualifications and experience have not been questioned. Her story is that on February 28, 1913, she left Providence and went down to Kenyon, in the Town of Richmond, to attend the deceased, who was then ill with pneumonia, and that her fee was $25 per week as such nurse, which fee she received; that while the deceased was convalescing, and on his request for her to remain, she agreed to remain for a short time for $15 per week. When that time had elapsed, she informed him that she had to go as she had an engagement on an obstetrical case. He requested her to remain and on her stating to him that she was entitled to receive $25 per week as nurse and an additional sum as housekeeper, the only reply he made was, "Well, you're here, aren't you?" She

continued in his employ until the day of his death, November 24, 1927, a period of more than 14½ years, as nurse and as housekeeper, doing all the household work in a large dwelling of 15 or more rooms, situated near a railroad track and containing no conveniences, it even being necessary to go outside the dwelling to procure water. During the period of employment, the wages of registered nurses were, from time to time, increased, and on each occasion she informed him of the increase, as also the increase in the pay of housekeepers, and that she expected to receive such compensation if she remained, and that if he said the word, she would go. The deceased only replied, "Well, you're here, aren't you?", or smiled, or made no reply at all, but let her stay on and continued to receive the benefit of her services.

That her services were appreciated by the deceased is amply evidenced by the testimony of various witnesses.

The defendant, in contending that the plaintiff agreed to stay on at $15 per week, bases his claim on various books of entry which were kept by the deceased, receipts signed by the plaintiff, and the testimony of a witness who said that the deceased told him that he was paying the plaintiff $15 per week. The books do not have any entry showing that there was any understanding that $15 per week were the wages of the plaintiff. They show that the total of the amounts she received divided by the number of weeks of her employment approximate that figure. Great stress is laid by the defendant on receipts which are marked "in advance" or "to date," as indicating that she was paid in full up to their dates, but she explained that she only received money when she asked for it and signed such receipts, which the deceased presented to her, without reading them. These receipts, in the opinion of the Court, tend to show the plaintiff's honesty, as they were turned over to the defendant by the plaintiff herself, who had been in possession of them for six weeks or two months while she was custodian of the estate and could have easily destroyed or concealed them. The fact that she turned over to the administrator documents which would appear to be very damaging to her claim indicates that she acted in good faith.

There is ample evidence on which the jury could find for the plaintiff and its verdict is approved.

The amount of the verdict, which includes approximately two years' interest taken together with the amount of the sums she received during the lifetime of the deceased, averages slightly over $36 per week. When the interest is taken out of the verdict, this average is lower. In view of the arduous housekeeping work which plaintiff had to do, in addition to her constant attention as a nurse which was required by the deceased, the Court believes it to be fair compensation.

The verdict of the jury both as to liability and amount is approved and defendant's motion for a new trial is denied.

For plaintiff: F. W. Rathbun.
For defendant: James O. Watts.